UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHMUEL LOWENBEIN on behalf of himself and
all others similarly situated

                Plaintiff,

       -against-

ARS NATIONAL SERVICES, INC.

             Defendant.
--------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 2 9 2011   ★

LONG ISLAND OFFICE

SUMMONS ISSUED

CV-11 3671

WEINSTEIN J

GO, M.

## COMPLAINT

### Introduction

1. Shmuel Lowenbein seeks redress for the illegal practices of ARS NATIONAL SERVICES, INC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Communications Privacy Act.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Upon information and belief, ARS National Services, Inc. is a California corporation with its principal place of business located in Escondido, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over the TCPA claim.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### Allegations Particular to Shmuel Lowenbein

9.  On or about January 1, 2011 and March 29, 2011 the defendant's collection representative left messages for the plaintiff in his voice mail which were either pre-scripted or pre-recorded.

10. Said messages were generated from an automated dialer to the plaintiff's telephone number for which the plaintiff was charged for each call.

11. The defendant failed to set forth that the message was a communication from a debt collector.

12. The defendant's leaving of the pre-recorded messages caused the plaintiff to incur additional charges in violation of 1692f(5).

13. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6), 1692e(10) 1692e(11) and 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself*

14. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

15. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

16. The actions of the defendant violate the Fair Debt Collection Practices Act.

17. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages and actual damages for the sub-class provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiff*

18. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

19. At no time did the plaintiff give his express consent to be contacted by the defendant at the telephone number at which the defendant left the said messages.

20. The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating ten telephone calls to the plaintiff's wireless telephone number using illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiff by defendant.

21. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff has not consented to the use of the telephone number at issue.

22. Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

23. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

24. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

### *Violations of the Telephone Communications Privacy Act*

25. The actions of the defendant violate the TCPA.

-4-

**26.** Because the defendant intentionally violated the TCPA, the plaintiff is entitled to

damages in accordance with the TCPA namely $1500 for each call where the defendant

failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor

and against the defendant and award damages as follows:

      (a) Statutory damages provided under the TCPA and injunctive relief;

      (b) Any other relief that this Court deems appropriate and just under the

         circumstances.

        Dated: Cedarhurst, New York
            July 27, 2011

          Adam J. Fishbein, P.C. (AF-9508)
           Attorney At Law
           **Attorney for the Plaintiffs**
             483 Chestnut Street
             Cedarhurst, New York 11516
              Telephone (516) 791-4400
              Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

         Adam J. Fishbein (AF-9508)

-5-